LEMMON, Justice,
concurring.
Counsel for plaintiff admitted agreeing to meet with relator and her attorney to discuss the resolution of the claim against relator. Thereafter, when she did not hear anything further from relator’s attorney, counsel for plaintiff obtained a default judgment without notifying relator’s attorney of her intention to do so. While relator and her attorney may have unreasonably delayed scheduling the meeting, counsel for plaintiff knew that relator was represented by counsel and intended to present a defense. Under these circumstances it was either (1) an ill practice for plaintiff to obtain a default judgment without notifying relator or her attorney that no further delay in filing defensive pleadings would be allowed, or (2) an abuse of discretion for the trial judge to deny the motion for new trial. An attorney should not grant opposing counsel an unspecified extension of time after service of a petition and then obtain a default judgment without notice simply because opposing counsel unreasonably delayed either settlement discussion or responsive pleadings.